IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,904




EX PARTE CHARLES ANISON ROGERS, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F7887-A IN THE 8TH DISTRICT COURT
FROM FRANKLIN COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to sixty (60) years’ imprisonment. The
Sixth Court of Appeals dismissed Applicant’s appeal. Rogers v. State, No.06-06-00145-CR (Tex.
App. – Texarkana, 2006, no pet.) (not designated for publication.)
            Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a notice of appeal. The record shows that the Sixth Court of Appeals dismissed
Applicant’s direct appeal because the notice of appeal was untimely filed and that Applicant had not
waived his appellate rights.
            On August 22, 2007, this Court remanded this application to get an affidavit from counsel. 
On August 27, 2007, the trial judge ordered appellate counsel to file an affidavit, but counsel failed
to respond. On March 19, 2008, the trial judge entered findings of fact and conclusions of law
recommending that relief be granted. 
            We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. F7887-A from the 8th Judicial District Court of Franklin
County. Applicant is ordered returned to that time at which he may give a written notice of appeal
so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be
calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. 
We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file
a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.
 
Delivered: April 30, 2008
Do Not Publish